**Gloria L. SPREEN, Plaintiff–Appellee,**

v.

**Allen BREY, Norman Dassow and Thomas Pink, Defendants– Appellants.**

**No. 90–3553.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 6, 1991.

Decided April 1, 1992.

---

**10.** The probation officer recommended that the     district court depart from category III to VI.

Rosemary J. Fox, Fox, Fox, Schaefer & Gingras, Madison, Wis. (argued), for plaintiff-appellee.

James R. Scott, Lindner & Marsack, Milwaukee, Wis. (argued), for defendants-appellants.

Before CUDAHY and FLAUM, Circuit Judges, and ROSZKOWSKI, Senior District Judge.*

ROSZKOWSKI, Senior District Judge.

Plaintiff, Gloria L. Spreen, filed a complaint against three persons employed by her former place of employment, Taylor County, Wisconsin. Spreen contends that the three Defendants misrepresented to her the consequences, in terms of loss of pension benefits, of being terminated invol-

untarily, thereby misleading her into resigning her employment. Spreen's complaint alleges that Defendants forced her to resign, and therefore deprived her of her right to procedural due process, and that Defendants' conduct was a retaliation for the exercise of her rights under the first amendment. The district court originally granted Defendants' motion for summary judgment, but then denied certain portions of Defendants' motion upon granting Spreen's motion for reconsideration. The district court denied the portion of Defendants' motion for summary judgment which asserted that Defendants Pink, Brey, and Dassow were immune from suit on Spreen's due process claim.

Plaintiff had worked for Taylor County for nearly fifteen years. During the last three years of her employment she worked as an income maintenance coordinator for the Taylor County Department of Social Services. On or about February 12, 1987, Spreen received a notice of suspension from Defendant Pink, her supervisor, who was the Human Services Agency Director for Taylor County.[1] The notice stated that there had been serious accusations against her, and that her suspension was effective immediately.

On February 27, 1987, all three Defendants, as well as Charles Rude (the Taylor County Personnel Director), Ray Lange (a Taylor County Board member and Chairman of the Human Services Department and member of the Taylor County Personnel Committee), and Taylor County Sheriff Wright held a meeting. The group decided at that meeting that Spreen should be given an opportunity to resign from employment. Mr. Rude explained the termination process, and discussed how to present to Spreen that she could either resign or be involuntarily terminated.

The meeting which is the subject of Spreen's suit occurred sometime shortly af-

---

* The Honorable Stanley J. Roszkowski, Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. Defendant Allen Brey was Taylor County District Attorney, and Defendant Norman Dassow was an investigator in the Taylor County Sheriff's Department at the time of Plaintiff's resignation. Plaintiff is suing Defendants Pink, Brey, and Dassow in their official and individual capacities.

ter the February 27 meeting. Defendants Pink and Brey called Spreen to a meeting with them. Exactly what was said at this meeting is unclear. Spreen contends that Defendants Pink and Brey told Spreen that she could resign her employment or be terminated, and that if she were terminated she would lose all of her employment benefits. Spreen asserts that Defendants Pink and Brey did not tell her of the basis for termination except in very general terms. Spreen also states that Defendants Pink and Brey told her that an investigation into her employment was incomplete. Spreen did sign a resignation letter at that meeting.

Defendants do not contradict Spreen's version of the conversations at their meeting with Spreen. Rather, they describe Spreen's deposition testimony: "Spreen recalled some discussion of benefit loss but was uncertain as to whether it concerned pension benefits or 'other benefits.' (R. 13, p. 93.)" Appellants' brief, filed Feb. 5, 1991, at 7. In a footnote, they describe her later affidavit: "In her affidavit submitted in opposition to the motion for summary judgment, Spreen's memory improved and she stated that specific loss of pension benefits in the event of termination was mentioned. (R. 36 ¶ 19.)" *Id.* n. 2. Defendants quoted Spreen's testimony as:

Q  What was the discussion about termination that you had with Mr. Pink and Mr. Brey?

A  One of them said they thought it would be in my best interests if I resigned and—or else I would lose my retirement lots of that stuff.

Q  You specifically remember a reference to retirement or could it have been other benefits they were talking about?

A  I don't remember.

*Id.* at 11 (quoting Spreen deposition p. 93).

The two issues which the district court addressed were: 1) whether a genuine issue of material fact exists as to whether Defendants Pink and Brey misled Plaintiff into resigning her employment; and 2) whether Defendants violated no clearly established constitutional right of Plaintiff's, and are therefore entitled to qualified immunity.

The district court must not grant any summary judgment motion unless all of the pleadings and supporting documents, if any, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Fitzsimmons v. Best,* 528 F.2d 692, 694 (7th Cir.1976). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The district court, however, is not required to evaluate every conceivable inference that can be drawn from evidentiary matters, but only reasonable ones. *Parker v. Federal Nat'l Mortgage Ass'n,* 741 F.2d 975, 980 (7th Cir. 1984).

We review *de novo* the district court's denial of partial summary judgment and apply the same standard as that employed by the district court. *Roland v. Langlois,* 945 F.2d 956, 960 (7th Cir.1991), citing *DeBruyne v. Equitable Life Assur. Soc'y,* 920 F.2d 457, 463 (7th Cir.1990). Therefore, we will affirm the district court's decision only if a genuine issue of material fact exists as to whether Defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is properly denied where an issue of material fact can be resolved only after a determination of the credibility of witnesses, upon observing their demeanor; and where the evidence in support of the motion does not establish the *absence* of a genuine issue of material fact, even if *no* evidence opposing the motion has been presented. *Id.* advisory committee's note.

█ A review of the record and the reasonable inferences to be drawn therefrom reveals that Defendants have not come forth with evidence showing the *absence* of a genuine issue of material fact as to whether Defendants misled Plaintiff into resigning her employment. Plaintiff testi-

fied, in both her deposition and affidavit, that Defendants told her that she would lose lots of benefits. A reasonable inference to be drawn from Plaintiff's deposition testimony is that Defendants' statements to Plaintiff led her to believe that among the benefits she would lose if terminated were retirement benefits. A genuine issue of material fact exists as to whether Defendants stated that, *specifically*, Plaintiff would lose *retirement benefits* if she were terminated, or whether Defendants stated or implied that she would lose all, most, or many of her benefits if she were terminated. If Defendants stated or implied to Plaintiff that either such loss would result upon termination, then Defendants made material misrepresentations to her. Plaintiff contends that she based her decision to resign on Defendants' statements to her that she would lose benefits if she were involuntarily terminated. Therefore, the district court properly found that summary judgment was improper because a genuine issue of material fact exists.

■ The second issue is whether Defendants' alleged conduct violated Plaintiff's clearly established constitutional rights; if not, Defendants would be entitled to qualified immunity. Defendants phrase this issue as "whether in February of 1987, it was 'clearly established' that an official violates an employee's procedural due process rights if that official improperly induces the employee to resign her employment in order to avoid extending the right to notice and hearing." Appellants' brief, filed Feb. 5, 1991, at 13.

The Supreme Court held, in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), that government officials performing discretionary (as distinguished from ministerial) functions generally are shielded from civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* at 818, 102 S.Ct. at 2738. A footnote to

the *Harlow* decision suggests that the holding should apply to Section 1983 cases as well as to constitutional claims against federal officials. *Id.* at 818 n. 30, 102 S.Ct. at 2738 n. 30.

We have already noted that the specific right alleged to be violated must be characterized in a way that reflects the 'objective legal reasonableness' standard of *Harlow*. *Auriemma v. Rice*, 895 F.2d 338, 343 (7th Cir.1990). Applied to this case, *Harlow* requires us to inquire whether a reasonable county human services agency director, district attorney, and investigator for a sheriff's department could have concluded that they could make misrepresentations to an employee when asking Spreen to resign or be terminated.

Five years before Spreen resigned, we issued a decision adopting the following language: " '[i]f the resignation was involuntarily given ... then plaintiff's separation from government employment constituted a discharge, and he would be entitled to certain procedural rights....' " *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir.), *cert. denied*, 459 U.S. 1017, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982), citing *Paroczay v. Hodges*, 219 F.Supp. 89, 90 (D.D.C.1963). We continued by noting that a choice between resigning and being fired is not coercion "if the employee is given sufficient time and opportunity for deliberation of the choice posed." *Dusanek*, 677 F.2d at 543. In this case, taking Spreen's allegations as true, she was *not* given sufficient *opportunity* to deliberate the choice posed, because she was not given a correct picture of what that choice was.[2]

The 1983 case of *Scharf v. Department of the Air Force*, 710 F.2d 1572 (Fed.Cir. 1983) held that an employee had involuntarily resigned because a reasonable person would have been misled by the employer's statements as to the consequences of optional retirement. *Id.* at 1575. At oral argument, Defendants' counsel argued that

---

**2.** The only Seventh Circuit case which presents a factual scenario arguably similar to the case at hand is *Alvarado v. Picur*, 859 F.2d 4486r (7th Cir.1988). That case focuses on *coercive* conduct by government officials in asking an employee to resign or be terminated. This case, on the other hand, focuses on misrepresentations which allegedly deprived the plaintiff of an informed choice.

Plaintiff had not shown that Defendants had *intentionally* made misrepresentations to her. However, the *Scharf* court noted that the employee need not show an *intent* to deceive for his or her resignation to be involuntary, and that the subjective intent of the employer and the employee are irrelevant to the question. *Id.* The Federal Circuit later expanded upon this holding: "The misleading information can be negligently or even innocently provided; if the employee materially relies on the misinformation to his detriment, his retirement is considered involuntary." *Covington v. Department of Health & Human Servs.*, 750 F.2d 937, 942 (Fed.Cir.1984).

 A plaintiff has the burden of establishing that at the time of the alleged deprivation, the law was clearly established as to the constitutional right of which he or she was allegedly deprived. Here, Plaintiff has met that burden. She has cited the *Dusanek* case, decided in 1982, as well as the *Scharf* and *Covington* cases from the Federal Circuit, which together show that a reasonable person in the job capacities of the three Defendants would understand that misrepresentation to Plaintiff as to the consequences of termination deprived her of procedural due process. The fact that the *Scharf* and *Covington* cases are not from this circuit does not render them meaningless; just as this court cited to the District of Columbia Circuit in *Dusanek,* the rulings in other circuits are instructive on what the law is as to constitutionally protected rights. Further, the fact that the two cases concerned appeals from the Federal Merit Systems Protection Board does not render them irrelevant. The key which makes both cases applicable to this case is that both involve government officials making alleged misrepresentations upon which a government employee reasonably relied in deciding to resign.

Defendants cannot justify their alleged conduct, as they attempt to do in their briefs, by countering that Plaintiff should have known that their statements were incorrect. Defendants have not shown that knowledge of *who* is responsible for administering pension benefits, and whether those benefits would be lost upon involuntary termination, is a matter of common knowledge. Plaintiff, as a county government employee, should not be charged with that knowledge. She was entitled to reasonably rely upon Defendants' statements regarding the loss of pension benefits.

 In summary, Plaintiff has demonstrated that a genuine issue of material fact exists as to whether Defendants made misrepresentations to her and thereby induced her to resign; and Plaintiff has established that at the time of her resignation, she had a clearly established constitutional right to procedural due process if her resignation was involuntary, as it would be if induced by misrepresentations on the part of Defendants. Therefore, the district court properly denied these portions of Defendants' motion for summary judgment. The judgment of the district court is AFFIRMED.