Dennis **SLOWIAK** and Jane Slowiak, Plaintiffs–Appellants,

v.

**LAND O'LAKES, INC.,** Defendant– Appellee.

No. 92–2518.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1993.

Decided March 9, 1993.

---

Edwin J. Hughes, Brian E. Butler, Stafford, Rosenbaum, Rieser & Hansen, Madison, WI, for plaintiffs-appellants.

David R. Cross, Quarles & Brady, John P. Fredrickson, Nilles & Nilles, Milwaukee, WI, for defendant-appellee.

James E. Doyle, Atty. Gen., Kevin J. O'Connor, Office of the Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, for amicus curiae.

Before BAUER, Chief Judge, MANION, Circuit Judge, and EVANS, Chief District Judge.[1]

BAUER, Chief Judge.

Dennis Slowiak sold Schweigert meat products to retailers in Wisconsin for more than ten years. After his distributorship was terminated, he sued Land O'Lakes, Inc. and Hudson Foods, Inc., the corporations which owned Schweigert Meats, for violations of the Wisconsin antitrust laws. The district court granted Land O'Lakes' motion for summary judgment. In this appeal we consider only Slowiak's antitrust claim against Land O'Lakes.[2] For reasons that differ in certain respects from those upon which the district court relied, we affirm.

## I. Facts

Slowiak purchased his Schweigert distributorship in 1979. Slowiak's contract with Schweigert Meats authorized him to distribute Schweigert products in western Wisconsin. Land O'Lakes and Imark Industries purchased Schweigert Meats in 1982. In 1986, Land O'Lakes purchased Imark's interest, and became Schweigert's sole owner. Land O'Lakes continued to produce Schweigert products, and renewed Slowiak's distributorship. Pursuant to his agreement with Land O'Lakes, Slowiak received a non-exclusive territory and specific customer accounts to service. The agreement also gave Slowiak "full and complete liberty to use his own free will, judgment and discretion as to the method and manner of his performance of each and every obligation." Schweigert Agreement at 3, Exhibit A to Complaint, Pleadings Vol. 1, Doc. No. 2. Land O'Lakes sold Schweigert to Hudson Foods, Inc. in 1989.

Slowiak's distributorship with Schweigert was unaffected by the changes in ownership. Slowiak sold products to customers from his truck. He solicited orders and delivered products to customers. He billed some customers directly, and was paid by them directly. Other customers maintained credit accounts with Schweigert; it billed customers for products, and credited their payments to Slowiak's outstanding balance for product purchases.

---

1. The Honorable Terence T. Evans, Chief Judge of the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

2. Jane Slowiak asserts a marital property interest as Dennis Slowiak's wife. For simplicity, we refer to the plaintiffs as "Slowiak." Slowiak also sued Hudson Foods for violations of the Wisconsin Fair Dealership Law, Wis.Stat. § 135.02 (1989–90), but after a jury returned a verdict in Slowiak's favor on his Fair Dealership claim, Hudson and Slowiak reached a settlement agreement covering all claims. Appellants' Brief at 4.

For example, suppose Slowiak ordered $1000 in merchandise on credit, and sold $500 worth to Schweigert credit customer A. Schweigert billed customer A, and when the bill was paid, the $500 was credited to Slowiak's outstanding balance. Slowiak operated his business as a sole proprietorship with the name "Schweigert Meat Products." Although his territory was non-exclusive, he was the only person selling Schweigert products to customers in his area.

During Slowiak's tenure as a distributor, both Land O'Lakes and Hudson issued price lists periodically. They gave suggested retail prices, the cost to the retailer, and the retailer's percentage mark-up based on the prices on the list. Slowiak received the price list, as did some of his customers. Before Land O'Lakes took over Schweigert, Slowiak charged one customer more than the cost on the price list. The customer complained and Slowiak refunded the difference. Slowiak Deposition at 73, R. Doc. 22. Although he charged more than the listed price on a few other occasions, he generally adhered to the price list. *Id.* at 74–75. In January 1989, Hudson terminated all of its distributors, including Slowiak, as part of a change in its distribution system.

In this action, Slowiak claims that Land O'Lakes and Hudson coerced him into joining a maximum resale price maintenance conspiracy in violation of Wisconsin antitrust law. Wis.Stat. § 133.03(1) (1989–90). He alleges that as owners of Schweigert, the companies policed the conspiracy through the customer credit accounts, and would have taken action against him if he charged prices higher than those on the circulated price lists. Because of this coercion, he states, he generally charged the prices on the lists. Slowiak alleges that he lost profits he would have earned had he been free to set prices.

But Schweigert's ownership never took retaliatory action against Slowiak. Further, the district court found that Slowiak was not aware at the time he set his prices of any instance in which either defendant retaliated against any distributor for charging higher prices. Memorandum & Order of April 8, 1992, at 8, 1992 WL 176983, Appellants' Appendix. The district court granted Land O'Lakes motion for summary judgment because it found Slowiak failed to produce sufficient evidence that he was coerced into charging the suggested prices. As an alternative basis for its judgment, the court found that Slowiak did not have standing to sue because he did not suffer an antitrust injury.[3]

## II. Analysis

■ We review a district court's grant of summary judgment *de novo*. We will uphold the judgment if the record and all the inferences drawn from it in the light most favorable to the non-moving party establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *First Wisconsin Trust Co. v. Shroud*, 916 F.2d 394, 398 (7th Cir.1990); *La Preferida, Inc. v. Cerveceria Modelo, S.A.*, 914 F.2d 900, 905 (7th Cir.1990). We may affirm a district court's ruling on any grounds supported by the record. *McCarthy v. Kemper Life Ins. Co.*, 924 F.2d 683, 686 n. 1 (7th Cir.1991); *Dairyland Financial Corp. v. Federal Intermediate Credit Bank*, 852 F.2d 242, 244 (7th Cir.1988). Self-serving affidavits without factual support in the record will not defeat a motion for summary judgment. *See Kornacki v. Norton Performance Plastics*, 956 F.2d 129 (7th Cir.1992). "[A] plaintiff's speculation is not a sufficient defense to a summary judgment motion." *Karazanos v. Navistar Int'l Transportation Corp.*, 948 F.2d 332 (7th Cir.1991).

The Wisconsin antitrust statute, § 133.-03(1), provides: "Every contract, combination in the form of trust or otherwise, or

---

**3.** Slowiak alleged he was injured because he could not charge his customers higher prices. Without fixed prices, he claimed that he could have charged higher prices because of his monopoly position as a Schweigert distributor.

The court ruled that the Wisconsin antitrust laws were not designed to redress this form of injury, and granted summary judgment in favor of Land O'Lakes.

conspiracy, in restraint of trade or commerce is illegal." Slowiak alleges that Land O'Lakes conspired with its distributors to fix the maximum prices at which Schweigert products could be resold in violation of this statute. He asks this court to certify two questions to the Supreme Court of Wisconsin under Circuit Rule 52 and Section 821.01 of the Wisconsin Statutes: (1) Is maximum resale price fixing a *per se* violation of Wisconsin law, and (2) does Slowiak have standing under Wisconsin law to assert this claim? We decline to certify these questions because Slowiak's claims can be resolved without reaching these issues.

■ "We do not allow antitrust plaintiffs or any other plaintiffs to obtain damage awards without proving what compensable damages were actually suffered as a result of the defendant's unlawful conduct." *Isaksen v. Vermont Castings, Inc.*, 825 F.2d 1158, 1165 (7th Cir.1987), *cert. denied*, 486 U.S. 1005, 108 S.Ct. 1728, 100 L.Ed.2d 193 (1988). In order to have standing in federal court, a party must satisfy the case or controversy requirement imposed by Article III of the Constitution. *Penny Saver Publications v. Village of Hazel Crest*, 905 F.2d 150, 154 (7th Cir.1990) (citing *Secretary of State of Maryland v. J.H. Munson Co.*, 467 U.S. 947, 955, 104 S.Ct. 2839, 2846, 81 L.Ed.2d 786 (1983)). To satisfy the core component of this requirement, a plaintiff must allege that she has suffered an injury traceable to the defendant's allegedly illegal conduct that is likely to be redressed by a favorable decision. *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). "The injury alleged must be ... distinct and palpable, and not abstract or conjectural or hypothetical." *Id.* (citations omitted).

■ Slowiak has not satisfied this burden. Even if we assume, *arguendo*, that Land O'Lakes conspired with Slowiak and other distributors to set prices, Slowiak presented no evidence that he was injured by the conspiracy. He concedes that his business was profitable in each year of its operation, and at his deposition, it appears that he was not even sure whether he lost profits because of the conspiracy. It was not until Land O'Lakes' motion for summary judgment pointed out the lack of evidence of injury that Slowiak filed a supplemental affidavit which stated unequivocally: "If Schweigert had not fixed the price that I had to charge to my customers, there would have been many occasions on which I would have charged more for many of the Schweigert products I sold." Supplemental Affidavit of 2/18/92, R. Doc. 44 at 9–10, ¶ 34. This statement appears to be a direct contradiction of his deposition testimony. We make no credibility determinations here, *Spreen v. Brey*, 961 F.2d 109, 111 (7th Cir.1992), but we will examine and compare Slowiak's deposition testimony and his affidavit.

Slowiak's deposition testimony seems at times not only to be at odds with his supplemental affidavit, but at odds with itself. He testified that he signed the contract with Land O'Lakes in 1988 "being that I trusted Schweigert all these years with everything." Slowiak Deposition, R. Doc. 22 at 57–58. So Slowiak trusted the company that threatened to harm him if he refused to go along with its illegal conduct. He also testified that he could not remember any specific instance in which someone told him there would be repercussions if he didn't charge the suggested price, nor the names of any other distributor who was punished for charging too much. *Id.* at 79, 83–84.

Slowiak further testified that he could not remember any specific instance in which he wanted to charge more but didn't. *Id.* at 90, 121–22. He also was unsure whether, given competition from other products, he could have raised prices:

Q. How do you know that if you had raised the price of the Schweigert products above what was on the Schweigert price lists that you could have sold the same amount or close the same amount of products?

A. I don't know if I would have been able to.

*Id.* at 90. He also stated that he did not know, even if he could have raised prices, how much he could have raised them. *Id.* at 121–23. Finally, Slowiak was asked:

Q. To paraphrase what's alleged in the complaint, you could have made more profits if Schweigert had not published these price lists, and in other ways, done things that you believe limited your ability to set prices, correct?

A. I don't know if I would have made more or not. It just depends.

*Id.* at 129. This statement conflicts with his supplemental affidavit.

Contradictions other than those within the deposition and between the deposition and the supplemental affidavit, also raise questions. In his reply brief, Slowiak explains that this case began as a Wisconsin Fair Dealership case: "It was only after initial discovery and investigation had uncovered the basis for the antitrust claim that the complaint was amended to add the antitrust count...." Reply Brief at 7. But Slowiak bases his antitrust claim on coercion and threats by the defendants; it seems odd that it was necessary for him to "discover" he was being threatened. But perhaps this oddity is created by inartful writing, and we base our ruling on the inadequacies of the deposition and affidavit.

■ Slowiak's deposition testimony is not sufficient to establish that Slowiak has suffered a distinct and palpable injury. He points to no other record evidence to support his claim. Slowiak himself does not seem to know whether he could have garnered more profits without Land O'Lakes alleged price fixing. His supplemental affidavit cannot cure this lack. "In this circuit, a party may avoid summary judgment by submitting an affidavit that conflicts with its earlier deposition testimony in only a limited number of circumstances." *Adelman–Tremblay v. Jewel Companies, Inc.,* 859 F.2d 517, 520 (7th Cir.1988). A subsequent affidavit may be used to clarify ambiguous or confusing deposition testimony, or it may be based on newly discovered evidence. *Id.* But where there is no explanation of the conflict, self-serving, contra-dictory affidavits such as this one cannot create genuine issues of material fact.

Slowiak provides no explanation for the contradiction between the supplemental affidavit and his deposition testimony. Federal Rule of Civil Procedure 56(c) "[b]y its very terms, ... provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original). As the Advisory Committee's notes explain, the "very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed.R.Civ.P. 56(e) advisory committee's note to 1963 amendment. Based upon our assessment of the record, we find there is no evidence of concrete injury, i.e., that Slowiak lost money because of Land O'Lakes' alleged practices. A hypothetical or conjectural injury, which at most is what Slowiak has shown here, does not confer standing. *See, e.g., Hunt Paving Co. v. City of Indianapolis,* 800 F.Supp. 740, 747 (S.D.Ind.1992) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983)).

Further, Slowiak has made no showing that even if he lost money, that the loss is fairly traceable to Land O'Lakes' conduct. *Warth,* 422 U.S. at 500, 95 S.Ct. at 2206; *Allen,* 468 U.S. at 751, 104 S.Ct. at 3324. He testified that market forces controlled prices, as one would expect, and that he did not know whether he could have raised prices notwithstanding Land O'Lakes alleged coercion. Slowiak must present some evidence that he has lost money because Land O'Lakes forced him to set prices artificially low. He must make some showing that the grocers who purchased his products would have paid more. He does not contest that his business was profitable each year, he simply alleges without support that he could have made more money if he could have priced products as

he wished. Slowiak's naked allegation cannot withstand Land O'Lakes' motion for summary judgment. Because we hold that Slowiak has not shown an injury in fact, we need not consider the meager evidence of conspiracy he has presented, or the application of Wisconsin law to maximum resale price maintenance and the federal antitrust injury requirement.

### III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.