Shawn COLLINS, a minor, by mother and next friend, Debra June SHEPLER, Plaintiff,

v.

NORTHWEST AIRLINES, INC., Defendant and Third–Party Plaintiff,

v.

Michael COLLINS, Third–Party Defendant.

Civ. A. No. 93–12711NG.

United States District Court, D. Massachusetts.

Feb. 2, 1995.

Matthew L. McGrath, West Roxbury, MA, for Shawn Collins.

A. Van C. Lanckton, Anthony D. Rizzotti, Craig and Macauley, Boston, MA, for Northwest Airlines, Inc.

A. Van C. Lanckton, Craig & Macauley, Boston, MA, for Associated Aviation Underwriters.

Anthony P. Mondello, Mondello & Mondello, Medford, MA, for Michael Collins.

## MEMORANDUM AND ORDER

GERTNER, District Judge.

## I. INTRODUCTION

This is a personal injury action arising out of a 1984 accident in which the plaintiff Shawn Collins ("Shawn"), who was then four years old, was injured in the Logan Airport baggage room of the defendant, Northwest Airlines, Inc. ("Northwest"). Shawn was in the baggage room because he had been brought there by his father, Michael Collins ("Collins"), who was a Northwest employee at the time. Collins failed to supervise Shawn who proceeded to climb on to a conveyor belt and injure his hand.

Shawn claims that Northwest is liable for his injury because Collins was negligent while acting within the scope of his employment (the "vicarious liability claim"), and because Northwest was otherwise negligent in failing to exercise due care in maintaining a safe baggage room (the "general negligence claim"). Northwest denies that Collins was acting within the scope of his employment, and denies that it otherwise breached any duty to baggage room visitors.

For the reasons stated below, I will **ALLOW** defendant's motion with respect to the vicarious liability claim, and **DENY** it with respect to the general negligence claim.

## II. FACTS

On August 18, 1984, Collins and Shawn arrived at Logan Airport to catch a flight to Florida. Collins intended to return Shawn to the custody of his mother, who lived there. Rather than proceeding to a check-in window, Collins checked himself and Shawn in using a computer terminal in the lost-and-found area. This was a common practice among Northwest employees. He then left his carry-on bags near the lost-and-found area and proceeded with Shawn, and Shawn's bicycle, to the baggage room. Collins testified at his deposition that his purpose in bringing the bicycle to the baggage room was to tag it for the flight and to "let the guys know it was my son's." He wanted to make sure that the bicycle arrived "in one piece" and that the baggage room employees wouldn't "ride it around the bag room." He also testified that he had checked his own baggage in the past because it was more convenient for him.

Upon entering the baggage room, Collins saw Steve Dell'Orfano, an equipment service employee, who asked him where he was going. Collins testified that he introduced Dell'Orfano to Shawn, although Dell'Orfano does not remember seeing Shawn until after the accident. Several baggage room employees testified that it was not uncommon for employees to bring family members to the baggage room.[1]

Collins proceeded to fill out a "bag tag" to place on the bicycle. The next thing he knew, Shawn's hand was stuck in the conveyor belt.[2] No Northwest supervisory personnel saw Shawn enter the baggage room prior to the accident. Besides Dell'Orfano, one

---

1. Edward Lynch, a baggage room employee, testified that he had seen family members, including children, in the baggage room on a number of occasions, including more than once in 1984, the year of the accident. (Lynch Dep. at 27–30).

Deborah Mazeikus, another baggage room employee, testified that even though the baggage room was a restricted area, off-duty employees often brought their family members to the baggage room when en route to catch an airplane flight, and that she saw family members in the room "a few times a month." She herself had brought her daughter to the baggage room when she was four years old, but does not remember whether this was before or after Shawn's accident. She also testified that between 1979 and 1985, she saw the children of other employees there, and that there was no written policy against bringing children into the baggage room. (Mazeikus Dep. at 21–26).

John Serino, a baggage room employee, testified that it was common to see employees in the baggage room with their family members, including children. (Serino Dep. at 23–26).

2. Shawn himself has no memory of the accident.

other non-supervisory employee, Deborah Mazeikus, says she saw Collins enter the room with Shawn.

### III. SUMMARY JUDGMENT STANDARD

■ A motion for summary judgment will be granted when all the relevant pleadings, viewed in the light most favorable to the non-moving party, present no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Aponte–Santiago v. Lopez–Rivera,* 957 F.2d 40, 41 (1st Cir.1992); *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990); *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir. 1990). Where the defendant moves for summary judgment, it bears an initial burden of pointing out the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the plaintiff to demonstrate that there is evidence sufficient to support its claims at trial. *Id.* at 322, 106 S.Ct. at 2552.

### IV. ANALYSIS

#### A. The Scope of Michael Collins' Employment

■ Plaintiff contends that Northwest is liable for the apparent negligence of Collins, because Collins was acting within the scope of his employment at the time of the accident. Under Massachusetts Law, an employer is vicariously liable for the tortious conduct of one of its employees if that conduct is "of the kind he is employed to perform; if it occurs substantially within the authorized time and space limits, and if it is motivated, at least in part, by a purpose to serve the employer." *Wang Laboratories,*

*Inc. v. Business Incentives, Inc.,* 398 Mass. 854, 859, 501 N.E.2d 1163 (1986) (citations omitted). *See also Pinshaw v. Metropolitan District Commission,* 402 Mass. 687, 695, 524 N.E.2d 1351 (1988); Restatement (Second) of Agency, § 228 (1958).

In this case, Collins testified that his purposes in entering the baggage room with his son were purely personal ones, namely to ensure that his son's bicycle received special handling by his fellow workers, and because it was more convenient. In his deposition and in his responses to requests for admissions, he never indicated that he was motivated by a purpose to serve Northwest.[3] *See Kelly v. Middlesex Corp.,* 35 Mass.App.Ct. 30, 32–33, 616 N.E.2d 473 (1993) ("If the employee's acts are driven by purely personal purposes, unconnected in any way with the employer's interests, then the employee is ordinarily acting outside the scope of his employment."); Restatement (Second) of Agency, § 235, Comment a. (1958) ("It is the state of the servant's mind which is material.") Moreover, there is no evidence that Collins' acts had been requested or authorized by Northwest, or that they had a reasonable connection with his authorized period of work. *See* Restatement (Second) of Agency, § 233 (1958) ("Conduct of a servant is within the scope of employment only during a period which has a reasonable connection with the authorized period."). Accordingly, I find that there is no genuine issue of material fact regarding this issue and that Collins was not acting within the scope of his employment at the time the accident took place.

#### B. Negligence of Other Northwest Employees

■ Plaintiff contends that even if Collins' negligence is discounted, Northwest is still liable because it negligently failed to prevent

---

3. Plaintiff has submitted an unsigned and undated affidavit of Michael Collins which states that Collins was motivated to check the bicycle in himself in order to save another Northwest employee from having to do it. I agree with defendant that such a self-serving affidavit, even if signed, would not create a triable issue of fact where it contradicts plaintiff's earlier and unambiguous deposition testimony. 10A C. Wright, A. Miller & MaryKay Kane, Federal Practice and Procedure: Civil 2d § 2726, at 30–31 (2d ed.

Supp.1994). *See Slowiak v. Land O'Lakes, Inc.,* 987 F.2d 1293, 1297 (7th Cir.1993); *Trans–Orient Marine v. Star Trading & Marine,* 925 F.2d 566, 572–73 (2d Cir.1991); *Davidson & Jones Dev. Co., v. Elmore Dev. Co., Inc.,* 921 F.2d 1343, 1352 (6th Cir.1991). Collins made it clear at his deposition that he was checking his son's bicycle for his own convenience, not to serve his employer. He has provided no explanation for the inconsistency between his deposition testimony and the assertions contained in his affidavit.

Shawn from injuring himself on its conveyor belt. Under Massachusetts Law, Northwest owed a duty of reasonable care to all persons who were lawfully upon its premises. *Mounsey v. Ellard*, 363 Mass. 693, 297 N.E.2d 43 (1973). "This duty includes the duty to act with reasonable care to prevent harm caused by a third person." *Young v. Atlantic Richfield Co.*, 400 Mass. 837, 841, 512 N.E.2d 272 (1987) *cert. den.* 484 U.S. 1066, 108 S.Ct. 1029, 98 L.Ed.2d 993 (1988). Thus, "the act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen." *Jesionek v. Massachusetts Port Authority*, 376 Mass. 101, 105, 378 N.E.2d 995 (1978).[4]

The issue, then, is whether Shawn's injury was a reasonably foreseeable result of Northwest's failure to take reasonable care in the operation of the baggage room. Plaintiff contends that Northwest failed to take reasonable care in three separate respects. (1) First, plaintiff argues that the Northwest employees who saw Shawn in the baggage room were negligent for failing to eject him. (2) Second, plaintiff contends that Northwest was negligent in failing to keep the baggage room secure because there was evidence that a locked door to the room had been propped open. (3) Finally, plaintiff maintains that Northwest failed to exercise due care by not enforcing a policy prohibiting non-employees, and in particular children, from being present in the baggage room.

■ (1) With respect to the issue of the failure of Northwest employees to eject Shawn from the baggage room, I agree with the defendant that this fact cannot support a claim for negligence. A person is negligent only if he fails to act how a person of ordinary prudence would act in the circumstances. *LaClair v. Silberline Mfg. Co.*, 379 Mass. 21, 27, 393 N.E.2d 867 (1979). If a person's act (or failure to act) is negligent, it is actionable only if it is the "but for" cause

of harm to the plaintiff. *LaClair*, 379 Mass. at 31, 393 N.E.2d 867. The undisputed evidence here, however, is that Shawn's injury took place seconds after he arrived in the room in the company of his father. Thus, there is no suggestion that the on-duty Northwest employees in the baggage room could reasonably have acted differently in a way which would have prevented Shawn's injury. I therefore find, as a matter of law, that their failure to act was not negligent.

■ (2) Plaintiff's claim regarding Northwest's alleged failure to secure the baggage room door fails for similar reasons. There is no evidence that Shawn was present in the baggage room because of the open door. To the contrary, it is undisputed that he was there because his father, who had ready access to the room as an employee, brought him there. The open door was not a "but for" cause of Shawn's injury.

■ (3) This leaves the general question of whether Northwest was negligent by failing to enforce a rule prohibiting children from being in the baggage room at all. There is undisputed testimony from three witnesses that it was common to see children in the baggage room in the year prior to Shawn's injury. It is also undisputed that Northwest had no written policy against children in the baggage room and never disciplined employees for bringing children there.

In my view, a jury could reasonably find from the aforementioned evidence that Northwest was negligent. The frequent presence of young children in the baggage room, whether or not accompanied by their parents, could be said to have created a foreseeable risk that those children would be attracted to the moving conveyor belt and get caught therein. A jury could infer from the testimony of the three baggage room employees that the presence of children was common knowledge, and that Northwest took no steps to keep them out, or to otherwise protect them from the conveyor belt.[5] Ulti-

---

4. *See also* Restatement (Second) of Torts § 302A (1965): "An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another

through the negligent or reckless conduct of the other or a third person."

5. The apparent negligence of Shawn's father—in letting him roam the baggage room—does not

**68**

mately, the jury would have to decide whether, under the circumstances, Northwestern failed to exercise reasonable care in the circumstances. Clearly, evidence of Northwestern's prior efforts to keep children out, the apparent lack of any prior safety incidents, and reasonable expectations concerning parental supervision would all be germane to this inquiry.

## V. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **ALLOWED** as to plaintiff's vicarious liability claim, and **DENIED** as to plaintiff's general negligence claim. **SO ORDERED.**

detract from this view. The defendant was "required to know that there is a certain amount of negligence in the world, and that some human beings will fail on occasion to behave as a reasonable [person] would behave." Restatement (Second) of Torts § 302A, Comment c. (1965). The issue is not whether Collins was negligent, but whether his negligence was reasonably foreseeable. *Jesionek,* 376 Mass. at 105, 378 N.E.2d 995; *Mullins v. Pine Manor College,* 389 Mass.

47, 62, 449 N.E.2d 331 (1983). Only if it was not foreseeable would Northwest be entirely excused. *See Akins v. County of Sonoma,* 67 Cal.2d 185, 60 Cal.Rptr. 499, 506–07, 430 P.2d 57, 64–65 (1967) (in action for injury to two year old who fell through hole in stadium bleacher, it was for jury to decide whether negligence of parents in failing to supervise child was sufficiently unforeseeable as to relieve defendant of liability).