**Bousavah SYVONGXAY, Plaintiff,**

v.

**William J. HENDERSON, Postmaster General, et al., Defendants.**

No. 5:00–CV–2895.

United States District Court,
N.D. Ohio,
Eastern Division.

June 22, 2001.

Mark H. Ludwig, Cole Co., Akron, OH, for Bouasavah Syvongxay.

Lisa Hammond Johnson, Office of the United States Attorney, Cleveland, OH, William J. Kopp, Office of the United States Attorney, Cleveland, OH, for William J. Henderson, Postmaster General.

## OPINION

GWIN, District Judge.

On May 7, 2001, Defendant Postmaster General William J. Henderson moved for summary judgment on the employment

discrimination claim asserted against him by Plaintiff Bousavah Syvongxay [Doc. 30].[1] Because Plaintiff Syvongxay fails to offer evidence sufficient to establish a prima facie case of discrimination, the Court grants Defendant's motion to dismiss.

## I

This case arises from Plaintiff Bousavah Syvongxay's failure to obtain a permanent employment position with the United States Postal Service. Plaintiff says she was denied such a position on account of her race. Defendant Postmaster General William Henderson insists otherwise.

Plaintiff, a female of Asian descent, began working as a "casual" employee at the Akron Main Post Office in September 1994. Less than a year later, Plaintiff transferred to the Canton Main Post Office as a "transitional" employee. Both the casual and transitional employment positions were temporary.

In 1996, Plaintiff applied and tested for a permanent position with the Canton Main Post Office. She did not receive a permanent position. However, while working as a transitional employee, Plaintiff continually renewed her application for permanent employment.

On November 21, 1997, Plaintiff's transitional employment position expired. She then began the first of two successive ninety-day terms as a casual employee. Shortly before the expiration of the second ninety-day term, Plaintiff submitted her immediate resignation to the Postal Service.

After her resignation on May 8, 1998, Plaintiff renewed her application for a per-manent employment position. She did not receive such a position in the months following her resignation.

This led Plaintiff to contact an Equal Employment Opportunity ("EEO") counselor at the Postal Service on February 1, 1999. She told the EEO counselor that the Postal Service denied her permanent employment on account of her race.

Shortly thereafter, Plaintiff filed a formal discrimination complaint with the Postal Service's EEO office. Relying in large part on Plaintiff's delay in contacting the EEO counselor, the Postal Service dismissed this complaint. The Equal Employment Opportunity Commission ("EEOC") affirmed the dismissal.

Plaintiff then filed this suit·on November 16, 2000. She makes claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

On February 2, 2001, Defendant filed a motion to dismiss Plaintiff's complaint ·for failure to exhaust administrative remedies. The Court granted this motion in part. Specifically, the Court found Plaintiff had only exhausted that portion of her discrimination claim concerning hiring decisions made during the forty-five days preceding her initial EEO contact.

Defendant now seeks summary judgment on the remaining portion of Plaintiff's Title VII claim. The Court considers Defendant's motion below.

## II

The Court grants summary judgment only when the evidence submitted shows

---

1. Syvongxay also sues the Postmaster of the Canton Main Post Office. Defendant Henderson insists he is the only proper defendant in a civil discrimination suit against the Postal Service. 42 U.S.C. § 2000e–16(c); *Dean v. Veterans Admin. Regional Office,* 943 F.2d 667, 672 (6th Cir.1991). Syvongxay does not challenge this assertion. Accordingly, the Court dismisses Syvongxay's claims against the Postmaster of the Canton Main Post Office.

"that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Ultimately, the Court decides "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All–Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (internal quotations omitted).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the nonmoving party's case. *Waters v. City of Morristown, Tenn.*, 242 F.3d 353, 358 (6th Cir.2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A triable issue involves more than merely some existence of doubt as to the material facts. *Id.*

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *National Enterprises, Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir.1997).

## III

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e–2(a)(1). Thus, a plaintiff can recover under Title VII by showing her employer subjected her to racially-motivated disparate treatment.

■ To prevail in a disparate treatment action, a plaintiff must prove by a preponderance of the evidence that she suffered intentional discrimination. *Grano v. Columbus Dep't of Development*, 637 F.2d 1073, 1081 (6th Cir.1980). A plaintiff may do so by "either proffering direct evidence of discrimination, or relying on circumstantial evidence to create an inference of discrimination." *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir.1999).

Here, Plaintiff attempts to establish her discrimination claim through both direct and circumstantial evidence. She fails in both attempts.

■■ To prove discrimination through direct evidence, Plaintiff must offer evidence that "if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.; cf. Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir.1998) (noting that direct evidence of disability discrimination would be "an employer telling an employee, 'I fired you because you are disabled' "). Discriminatory remarks may constitute direct evidence that discrimination played a role in an employment decision, but "only if they are both made by the decisionmaker and related to the employment decision at issue." *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 688 (7th Cir.1998); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring) (explaining that "statements by nondecisionmakers" do not constitute direct evidence of discriminatory animus).

■ Plaintiff offers no direct evidence that Defendant failed to hire her for a permanent position because of her race. In purporting to offer such evidence, Plaintiff relies on the alleged comments of her EEO counselor at the Postal Service. The counselor allegedly told Plaintiff that he knew "how racial it is" in the "good ole boy network" of the Canton Main Post Office. These type of ambiguous statements from an official with no role in the hiring process do not constitute direct evidence of discrimination.[2]

Thus, Plaintiff can maintain her claim only by proving discrimination with circumstantial evidence. To do so, Plaintiff must make the showing described in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

The *McDonnell Douglas–Burdine* requires Plaintiff to first establish a prima facie case of employment discrimination. To make a prima facie case, the plaintiff must show (1) that she is a member of a protected class, (2) that she applied for and was qualified for an open position, (3) that she was rejected for that position, and (4) that, after she was rejected, the employer continued to seek applications from persons with the plaintiff's qualifications. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817.

■ Here, Plaintiff fails to offer evidence sufficient to make a prima facie case of employment discrimination. In particular, Plaintiff does not satisfy the second element of a prima facie case, i.e., that she applied for an "open" position.

In the forty-five days preceding her February 1, 1999, contact with an EEO counselor, Plaintiff applied for a "distribution clerk" and "flat sorter" position with the Canton Main Post Office. She complains that she did not receive either position.

But the record contains no evidence suggesting Defendant had any open distribution clerk or flat sorter positions. Defendant offers unrebutted evidence showing that, during the period in question, no distribution clerks or flat sorters were hired at the Canton Main Post Office. And Plaintiff offers no evidence showing Defendant left those positions open during that period. Unable to show she applied for an open position, Plaintiff cannot establish a prima facie case of discrimination.

But Plaintiff insists the Court has unduly limited the scope of her discrimination claim. First, Plaintiff says the Court should consider more than just the distribution clerk and flat sorter positions. She says she did not voluntarily limit her application to these positions. Rather, Plaintiff alleges that the person administering her employment test told test-takers to only apply for the distribution clerk and flat sorter positions. Otherwise, Plaintiff contends that she would have applied for other open positions.

■ This argument does not avail. In very limited circumstances, a plaintiff can sustain a failure-to-hire claim under Title VII without ever applying for a position. But this occurs only when an employer's discriminatory conduct somehow prevented the plaintiff from applying or rendered the act of applying futile. *Wanger. v. G.A. Gray Co.*, 872 F.2d 142, 145 (6th Cir.1989) (" 'Because an employer may create an

---

**2.** Judy Tekien, a human resources specialist with the Postal Service, testifies that an EEO counselor "would not have been a selecting or hiring official for the Canton Post Office...." (Tekien Aff. at 6.)

atmosphere in which employees understand that their applying for certain positions is fruitless, even nonapplicants can in appropriate circumstances qualify for relief....' ") (quoting *Babrocky v. Jewel Food Co. and Retail Meatcutters Union, Local 320*, 773 F.2d 857, 867 (7th Cir. 1985)). Plaintiff makes no such showing here.

■ Next, Plaintiff argues the Court should broaden her discrimination claim to include hiring decisions made after her February 1, 1999, contact with the EEO counselor. However, as the Court made clear in its earlier order, Plaintiff has a duty to contact an EEO counselor within forty-five days of any discriminatory conduct. 29 C.F.R. § 1614.105(a)(1). Thus, if she believed Defendant had discriminated against her after February 1, 1999, Plaintiff had to again notify an EEO counselor. She has not done so.

■ Finally, Plaintiff says the Court should consider Defendant's hiring decisions at both the Canton Main Post Office and the Akron Main Post Office. She insists that her EEO complaint and her Title VII complaint include allegations of discrimination at both offices.

But even so construing the claim, the Court finds no evidence that Defendant discriminated against Plaintiff in hiring for the Akron Main Post Office. Defendant offers evidence that Plaintiff only applied for positions at the Canton Main Post Office during the time period in question.[3] Plaintiff offers no serious rebuttal to this evidence, save Plaintiff's vague and self-serving assertion that "[a]t all times to date, I believe I have maintained my test

scores and sought eligible employment at both the Canton and Akron Post Offices." Even at the summary judgment stage, more is required to sustain a discrimination claim. *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir.2001) (stating that " '[s]elf-serving affidavits without factual support in the record will not defeat a motion for summary judgment.' ") (quoting *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir.1993)).

### IV

For the reasons set forth above, the Court finds that Plaintiff fails to offer evidence showing a prima facie case of employment discrimination. Accordingly, the Court grants Defendant's motion for summary judgment.

IT IS SO ORDERED.

### JUDGMENT

The Court has filed its Memorandum Opinion in favor of the defendants in the above-captioned matter. The Court grants Defendant Henderson's motion for summary judgment. Accordingly, this action is hereby terminated under Fed. R.Civ.P. 58.

IT IS SO ORDERED.

---

**3.** Specifically, Defendant offers a "Notice of Rating Eligibility" issued by the Postal Service to Plaintiff on April 28, 1997. This document indicates that, on April 14, 1997, Plaintiff tested for the distribution clerk and flat sorter positions at the Canton Main Post Office. Judy Tekien testifies that only the scores from this April 14, 1997, test "would have been valid for the Canton or Akron Post Offices during the time period of December 18, 1998 to February 1, 1999." (Tekien Aff. at 3.)