In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-3889

FABRIKO ACQUISITION CORPORATION,

*Plaintiff-Appellant,*

*v.*

DEAN PROKOS, STEVEN SORENSON, &
GREEN LAKE MARINAPROPERTIES, LLC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
Nos. 05 C 644 & 05 C 645—**Lynn Adelman**, *Judge*.

_____

ARGUED OCTOBER 26, 2007—DECIDED JULY 29, 2008

_____

Before POSNER, FLAUM, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. This lawsuit arose out of a commercial real estate transaction that was never completed. The plaintiff, Fabriko Acquisition Corporation ("Fabriko"), brought this diversity action against defendants Green Lake Marina Properties ("Green Lake Marina"), its managing partner Dean Prokos, and Wisconsin lawyer Steven Sorenson. The facts leading up to the proposed transaction are complex, and will be set forth only insofar as is necessary for resolution of this appeal.

Essentially, Fabriko alleges that Prokos and Green Lake Marina entered into a contract to purchase property in Green Lake, Wisconsin, and failed to act in good faith to comply with the financing contingency in the contract, with the result that the transaction was never completed. The Green Lake property at issue was owned by Alton Prillaman, but Fabriko had a separate agreement with Prillaman which gave it the exclusive right to market the property and entitled it to a share of the purchase price. Sorenson had represented Prillaman and Fabriko, Inc. (as distinguished from Fabriko Acquisition Corp., which is referred to as Fabriko here, and which acquired the stock of Fabriko, Inc.) in an earlier transaction which resulted in that division of rights between Prillaman and Fabriko, and with the consent of the parties, Sorenson served as a facilitator and dual agent in connection with the transaction at issue in this lawsuit. In December 2003, Green Lake Marina offered to purchase the Green Lake property for $850,000 contingent upon obtaining financing and upon an environmental inspection. Green Lake Marina initially considered the property as a potential boat dealership to compete with the Shoreline Marina dealership ("Shoreline") located directly across the street. The Green Lake property contained a large warehouse building which would have to be developed into a dealership. The offer was accepted, with Prillaman to receive $270,000 and Fabriko to receive $580,000. With the consent of Prillaman and Fabriko, Green Lake Marina began storing boats on the property rent-free. The deal ultimately was not completed, ostensibly because of an inconclusive environmental inspection and inability to obtain financing.

In April 2004, however, Green Lake Marina with Sorenson as its agent, again offered to purchase the prop-

erty contingent on it obtaining financing. Fabriko feared that Green Lake Marina was attempting to deal solely with Prillaman to cut it out of the deal, and filed a lawsuit against Sorenson and Prokos in federal court in Virginia seeking to enjoin the transaction. Fabriko also alleged that Sorenson had revealed confidential information in attempting to facilitate the deal between Green Lake Marina and Prillaman. In order to settle the suit, Green Lake Marina and Prillaman agreed to add Fabriko as a party to the April 2004 contract and to allocate the purchase price in the same way specified in the December contract. The amended contract retained the financing contingency clause. The deal again was not completed because Green Lake Marina was unable to obtain financing. Fabriko then reinstated the lawsuit and in September 2004, filed a second lawsuit alleging breach of the April 2004 contract. The Virginia court consolidated the suits and transferred them to the Eastern District of Wisconsin.

The defendants sought summary judgment, which the district court granted. The district court began by noting the serious procedural lapses by Fabriko in litigating the case. First, Fabriko failed to respond to Sorenson's request for admissions. Pursuant to Fed. R. Civ. P. 36(a), a party served with a written request to admit the truth of matters within the scope of discovery has thirty days to file an answer or objection, or the matters are deemed admitted. Furthermore, Fed. R. Civ. P. 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Because Fabriko failed to respond to the request for admission and that admission was never withdrawn or amended with the court's permission, the matters in the request to admit were conclusively established.

Moreover, Fabriko failed to respond to the defendants' proposed finding of facts as required under Civil Local Rule 56.2(b) of the Eastern District Court of Wisconsin, in that Fabriko responded only in undifferentiated narrative form, without identifying paragraphs and without specific citations to evidentiary materials in the record. Fabriko now protests that it subsequently submitted a response broken down by paragraphs, but those responses still failed to cite to the record, often mischaracterized that record, and relied on inadmissible evidence. We have held that a district court is entitled to demand strict compliance with such rules for responding to a motion for summary judgment, and that a court does not abuse its discretion when it opts to disregard facts presented in a manner inconsistent with the rules. *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008).

As a result of those procedural lapses, the district court deemed admitted the following facts:

> Sorenson did not disclose confidential information to Prokos in an effort to cut Fabriko out of any interest it might have in the proceeds of sale of the commercial [Green Lake] property . . . ."; "at no time after Green Lake [Marina] executed the Offer would its bank, National Exchange Bank (the 'bank') have extended financing to purchase the Property on the terms of the April Offer;" "[t]he Bank had security interests in all of Prokos'[s] and Green Lake [Marina]'s assets, making it impossible for Green Lake [Marina] to obtain financing for the Property in April 2004 and thereafter from any lender, including Bank;" and "[Fabriko] was ultimately a party to the April Offer and thus was not cut out of any deal to purchase the Property.

Those facts that are deemed admitted, along with the dearth of evidence presented by Fabriko in support of its claim, doom the case. Fabriko argues that the district court erred in determining that there was no evidence that Green Lake Marina could obtain financing and that there was no evidence that Green Lake Marina and Prokos did not act in good faith. Fabriko argues that it submitted sufficient evidence to raise an issue of fact as to whether Green Lake Marina could have obtained financing to complete the purchase. That contention is merely an effort to avoid the impact of the admissions. The district court properly deemed admitted that at no time after the offer was extended would the bank have financed the deal, and also admitted that the bank had security interests in all of the Prokos and Green Lake Marina's assets, thus making it impossible for them to obtain financing from any other lender. Those facts are conclusively established for purposes of this case, and Fabriko cannot now attempt to rebut them with other evidence.

Fabriko argues, however, that Green Lake Marina and Prokos never sought to obtain that financing, so even if the financing ultimately would have been denied, it remains that they did not make a good faith effort to obtain it. Setting aside the obvious problem of whether one could establish a violation of a contract based on the failure to pursue a futile effort at obtaining financing, Fabriko has failed to establish a genuine issue of fact as to the good faith efforts. Fabriko relies on the deposition of David Moody who was the banker in charge of the loans for Green Lake Marina and Prokos. The deposition, however, established that they in fact sought to obtain financing for the deal, but that they were unable to obtain it. Moody made clear that Prokos initially ap-

proached him regarding financing for the purchase of the Green Lake property to be used as a dealership, but Moody indicated that he had many concerns about such a project and concerns about the bank's ownership of that particular property if the endeavor failed. Moody indicated that after the Shoreline deal presented itself, the bank was willing to finance that whereas it would not have financed the Green Lake property because the Shoreline deal had so many positives lacking in the Green Lake one, including that it was an established, reputable dealership with no need for renovation costs associated with the Green Lake property. Moody further stated that Prokos continued to seek financing for the Green Lake property even as he pursued the Shoreline deal, because he wanted to use the property for the storage of boats. The deposition taken as a whole therefore reveals a continual effort by Prokos and Green Lake Marina to obtain financing to purchase the Green Lake property. Fabriko's reliance on isolated statements taken out of context are insufficient to establish a genuine issue of fact.

Fabriko also appears to believe that financing would have been available for the deal if Prokos and Green Lake Marina had not decided to purchase the Shoreline dealership in May 2004. Moody made clear in the deposition that the Shoreline deal was a much better financial situation. It was already operating as a dealership, had an established reputation and a long history in the area, had exclusive rights to a desirable line of top-end boats, and the management had agreed to stay on to help run the operation. In contrast, the Green Lake property would have required renovations to transform it from a warehouse to a dealership, and would lack the existing customer base, physical layout, and product line that Shoreline provided. Therefore, the ability to finance the

Shoreline deal in the same time period does not indicate that the Green Lake deal could have been financed. The uncontradicted evidence from Moody is that the bank considered the Shoreline deal to be a good financial transaction, but would not finance the Green Lake one. Even though Green Lake Marina wanted to establish the dealership in the Shoreline location, it retained interest in the Green Lake property because the warehouse could be used to store boats in winter. Moody made clear, however, that the bank would not finance that transaction, particularly in light of substantial cost overruns that emerged around that time on another Green Lake Marina project.

Fabriko's claim is unclear, but ultimately appears to rest on the belief that Green Lake Marina and Prokos somehow were precluded from entering into any other business transactions during the financing contingency period that would adversely affect their desirability to lenders. Here, Green Lake Marina planned to open a boat dealership across from Shoreline with the goal of competing directly against Shoreline, but Green Lake Marina was subsequently given the more enticing opportunity to purchase competitor Shoreline, thus avoiding that competition entirely. There is nothing in the contract that precludes the parties to the contract from considering that or any other business transactions, and no evidence that the bank would have funded the deal even absent the Shoreline transaction. Nor does Fabriko present any caselaw supporting its theory. It is not the job of this court to develop arguments for appellants. *See Kramer v. Banc of America Securities LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("undeveloped arguments, and argu-

ments that are unsupported by pertinent authority, are waived"). In fact, there is a noticeable dearth of case support throughout the brief. Fabriko has presented no evidence of bad faith here, and the district court properly granted summary judgment.

Fabriko also contends that the district court erred in imposing a sanction in the amount of $2,500 on Fabriko's counsel under Federal Rule of Civil Procedure 11. Sorenson sought that sanction in the district court arguing that the case against him was frivolous. Fabriko claimed that Sorenson revealed confidential information to Green Lake Marina regarding the sale price that would be acceptable to Prillaman for the Green Lake property. Fabriko contended that as a result, it sustained losses equal to the difference between the amount orally offered for the property, and the substantially lower amount set forth in the written contracts of December 2003 and March 2004. As the court pointed out, however, the contingencies in the written contract were never fulfilled and therefore the transaction did not take place. Thus, there is no damage caused by the alleged actions here because the transaction was never completed for the unrelated reason of the inability to obtain financing.

Although Sorenson informed Fabriko of the causation problem in a letter and subsequently in a formal motion for sanctions, Fabriko did not take advantage of the 21-day window to withdraw or correct the claim. Under Rule 11(c)(2), a motion for sanctions that is served on a party cannot be filed or presented to the court if, within 21 days of service, the offending party withdraws or appropriately corrects the challenged paper claim, defense, contention or denial. Fabriko did not take advantage of that 21-day opportunity to withdraw or

amend its frivolous claim against Sorenson, and instead ignored the issue to its detriment. The district court appropriately found that plaintiff's counsel "clearly failed to investigate the law or the facts or both when it maintained the suit against Sorenson after being put on notice of the problems with its case." We review a district court's imposition of sanctions under Rule 11 for abuse of discretion, *Cuna Mut. Ins. Soc'y v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006), and find no such abuse here. We note in passing that in addition to reiterating the merits of its meritless case, Fabriko in arguing the inappropriateness of the sanction focuses solely on the knowledge it had as of the date of its filing of the case. Under Rule 11, however, an attorney violates Rule 11 in maintaining a claim that is unwarranted by existing law or has no reasonable basis in fact, and that applies to claims presented to the court "whether by signing, filing submitting, or later advocating it." Fed. R. Civ. P. 11(b). Fabriko continued to advocate a claim that had no legal basis and refused to alter or withdraw it when that deficiency was pointed out to it. That conduct warranted Rule 11 sanctions.

The decision of the district court is AFFIRMED.