In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3447

ANTHONY M. HILL,

*Plaintiff-Appellant*,

*v.*

DANIEL M. TANGHERLINI,
Administrator of the General
Services Administration,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 2144 — **Virginia M. Kendall**, *Judge.*

ARGUED JULY 9, 2013 — DECIDED AUGUST 1, 2013

Before EASTERBROOK, *Chief Judge,* and POSNER
and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Anthony Hill appeals the grant of summary judgment for his former employer, the General Services Administration, in this employment-discrimination lawsuit. He challenges the district court's conclusion, based on three negative interactions with coworkers, that he was not meeting GSA's workplace expectations. Because Hill has not made out a prima facie case of discrimination and shown that GSA lied about its reasons for firing him, we affirm.

Hill, who is African American, began working for the General Services Administration in 2008 as part of the Federal Career Intern Program. He soon realized that his Master's degree entitled him to a higher pay rate, and he filed a complaint with the Equal Employment Opportunity Commission, contending that his lower pay was discriminatory. The parties settled, and Hill received the higher rate.

Hill maintains that he acted calmly and professionally during his one-year probationary period. His coworkers, however, complained to their supervisors about Hill's temper on three occasions. First, Hill confronted his team leader to ask why he had not been selected for training opportunities. Hill recalled that he stooped down and quietly spoke. During the second encounter—which occurred after Hill had rotated into a different section of GSA—Hill asked for a color copy of a receipt and was refused. He believed that the woman handling the copiers was trying to get him into trouble by reporting his request for a color copy. The third incident involved a quarrel over a file. Hill complained that a white female intern had yelled at him and talked to him in a condescending manner, whereas she characterized his behavior as "stomping around and slamming doors." The next day a supervisor told Hill that

slamming doors could be seen as threatening because he was a "pretty big guy," which Hill took as a coded racial reference. At the end of his probationary period, Hill received a letter signed by his boss, Timothy Gabrish, stating that he was being fired based on those three incidents.

Hill sued GSA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, for race discrimination, gender discrimination, and retaliation for filing an EEOC complaint. The district court granted summary judgment to GSA, concluding that Hill did not make out two prongs of the prima facie case of discrimination. The court stated that Hill was not meeting GSA's legitimate expectations because he had engaged in a pattern of behavior that led three different coworkers to report him to their supervisors, and that the white female intern was not a suitable comparator because only one coworker had ever complained about her behavior. Moreover, even if Hill had established a prima facie case of discrimination, the court said, he had not introduced any evidence suggesting that GSA's stated reason for his discharge was prextual.

On appeal, Hill first challenges the district court's conclusion that he was not meeting GSA's expectations and asserts that the court overlooked his exculpatory accounts of the interactions as well as affidavits from other coworkers attesting to his professionalism. He disagrees that his temper was the reason for his discharge. He insists GSA's racial and gender animus motivated GSA's decision as reflected by its minimal investigation and the decision not to interview or warn him before firing him.

We begin by noting that the district court discredited Hill's testimony about his interactions with coworkers because of its "self-serving" nature. *Hill v. Johnson*, No. 11 C 2144, 2012 WL 4483442, at *2 n.6 (N.D. Ill. Sept. 27, 2012). This was error. Deposition testimony, affidavits, responses to interrogatories, and other written statements by their nature are self-serving. *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003). As we have repeatedly emphasized over the past decade, the term "self-serving" must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment.[1] *See Navejar v. Iyiola*, No. 12–1182,

---

[1] Our own use of the term has been imprecise, which has not been helpful. But today we make clear that the following cases are overruled to the extent that they suggest a plaintiff may not rely on "self-serving" evidence to create a material factual dispute. *See, e.g., Broaddus v. Shields*, 665 F.3d 846, 856 (7th Cir. 2011); *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006); *Scaife v. Cook Cnty.*, 446 F.3d 735, 741 (7th Cir. 2006); *Smith v. Potter*, 445 F.3d 1000, 1009 (7th Cir. 2006); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Witte v. Wis. Dep't. of Corrections*, 434 F.3d 1031, 1037 (7th Cir. 2006); *Evans v. City of Chicago*, 434 F.3d 916, 933 (7th Cir. 2006); *Rogers v. City of Chicago*, 320 F.3d 748, 751 (7th Cir. 2003); *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002); *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *United States v. Raymond*, 228 F.3d 804, 814 (7th Cir. 2000); *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 564 (7th Cir. 2000); *Cable v. Ivy Tech State College*, 200 F.3d 467, 478 (7th Cir. 1999); *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 682 (7th Cir. 1999); *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 532 (7th Cir. 1999); *Taylor v. Monsanto Co.*, 150 F.3d 806, 809 (7th Cir. 1998); *Patterson v. Chicago Ass'n for Retarded Citizens*, 150 F.3d 719, 724 (7th Cir. 1998); *U.S. for and on Behalf of Small Bus. Admin. v. Torres*, 142 F.3d 962, 968 (7th Cir. 1998); *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997); *Darnell v. Target Stores*, 16 F.3d 174, 177

(continued...)

2013 WL 2321349, at *4 (7th Cir. May 29, 2013); *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010); *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 631 (7th Cir. 2009); *Paz v. Wauconda Healthcare & Rehabilitation Centre, LLC*, 464 F.3d 659, 664–65 (7th Cir. 2006); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 506 (7th Cir. 2004). Hill described the three encounters in his deposition based on his personal knowledge and set forth specific facts and the district court should have considered his statements as evidence. *See* Fed. R. Civ. P. 56(c); *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 175 (7th Cir. 2011); *Whitlock v. Brown*, 596 F.3d 406, 411–12 (7th Cir. 2010).

But summary judgment in favor of GSA was still proper because Hill cannot show pretext, which is relevant to the prima facie case where, as here, an employer cites failure to meet legitimate expectations as the reason for discharge. *See Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 477–78 (7th Cir.2010); *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 635 (7th Cir. 2011); *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 823 (7th Cir. 2006). An inquiry into pretext requires that we evaluate the honesty of the employer's explanation, rather than its validity or reasonableness, *see O'Leary*, 657 F.3d at 636–37; *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 396–97 (7th Cir. 2010); *Naik v. Boehringer Ingelheim Pharm., Inc.*, 627 F.3d 596, 601 (7th Cir. 2010), and nothing in the record suggests that Hill's boss used

---

[1] (...continued)
(7th Cir. 1994); *Unterreiner v. Volkswagen of Am., Inc.*, 8 F. 3d 1206, 1210 (7th Cir. 1993); *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993); *McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir. 1993); *Kornacki v. Norton Performance Plastics*, 956 F.2d 129, 132 (7th Cir. 1992).

the negative reports from three of Hill's coworkers as a mask to hide unlawful discrimination. Hill's evidence shows only that he disagreed with Gabrish's assessment of his interactions with coworkers, not that GSA lied about its reasons for firing him. *See Everroad*, 604 F.3d at 478 & n.2; *Ptasznik v. St. Joseph Hospital*, 464 F.3d 691, 696 (7th Cir. 2006); *Green v. New Mexico*, 420 F.3d 1189, 1193 (10th Cir. 2005).[2]

Concerning his retaliation claim, Hill argues that the district court erred in rejecting what he considers as the suspicious timing of his firing at the tail end of his probationary period—eight months after his EEOC claim settled. But far from being suspicious, GSA's timing was reasonable. The point of a probationary period is to give employees a trial run. Hill had to provide evidence linking his discharge to his EEOC complaint, *see Antonetti v. Abbott Laboratories*, 563 F.3d 587, 593 (7th Cir. 2009); *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 758–59 (7th Cir. 2006), and nothing in the record calls into question the honesty of the conduct-related concerns that GSA gave when firing him, *see Brown v. Ill. Dep't. of Natural Resources*, 499 F.3d 675, 683–84 (7th Cir. 2007); *Logan v. Kautex Textron North Am.*, 259 F.3d 635, 640–41 (7th Cir. 2001).

AFFIRMED.

---

[2] Hill's prima facie case fails for another reason as well. The district court properly concluded that the *number* of coworker complaints was sufficient to distinguish the seriousness of Hill's misconduct compared to the white female intern and thus explain GSA's harsher response to Hill. *See Pantoja v. Am. NTN Bearing Mfg. Corp.*, 495 F.3d 840, 847 (7th Cir. 2007); *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 751–52 (7th Cir. 2006); *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 701 (8th Cir. 2006).