**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016[*]
Decided November 1, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2058

| | |
|---|---|
| THOMAS M. MCCARTHY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 15-cv-312-bbc |
| THOMAS J. VILSACK, Secretary, United States Department of Agriculture, *Defendant-Appellee*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Two years after he was not interviewed for two positions with the U.S. Department of Agriculture, Thomas McCarthy brought this employment-discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. The district court granted summary judgment for the government after concluding that McCarthy had not contacted an equal employment opportunity counselor with the agency in a timely

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

manner—a prerequisite for filing suit—and that equitable tolling was not warranted. We affirm.

McCarthy, a former USDA employee who had retired in 2006, applied in 2011 for two loan-specialist positions (in Wisconsin and Minnesota) that would have allowed him to rejoin the department's Office of Rural Development. Despite receiving emails that he was among the "best qualified" applicants and had been "referred" to interviewing officials, he was not offered an interview for either job. In late June 2011, he was notified that the jobs had been filled.

According to McCarthy, he did not suspect at that time that he had been subjected to discrimination, but his view changed in July 2013, when he came across the old emails acknowledging his "best qualified" status. He alleged that he then learned that his application may have been undermined by a former supervisor from his previous job with the USDA in Wisconsin (and with whom he had clashed, leading to his 2006 retirement). McCarthy says that this supervisor was working in 2011 at the USDA office in Minnesota where he had applied, and he believed that this supervisor must have influenced the decisions not to interview him for the Minnesota and Wisconsin positions.

McCarthy contacted an equal employment opportunity counselor in September 2013 and complained that the decisions not to interview him in 2011 were based on his race and sex (as a white male), his age (62 at the time), and past complaints that he had brought when he used to work with the agency. The USDA denied McCarthy's EEO complaint after concluding that he had failed to initiate contact with an EEO counselor within 45 days of the alleged discriminatory action, as required under 29 C.F.R. § 1614.105(a)(1), and that there were no circumstances justifying an extension of that time limit.

McCarthy then brought this suit, but the district court granted summary judgment for the government after concluding that his attempt to exhaust his administrative remedies was untimely. The court considered whether this 45-day time limit should be equitably tolled based on McCarthy's assertion that he did not learn about the alleged discrimination until 2013, but it concluded that McCarthy had not shown that he was diligent in investigating a potential claim of discrimination. He did not describe any actions he took before 2013 to look into a possible claim, nor did he allege that any of the purportedly relevant information about the former supervisor's employment in 2011 was not public or could not have been uncovered earlier. Nor did he suggest how the supervisor's employment with the Minnesota office was relevant,

since McCarthy offered no reason to believe that the former supervisor was even involved in hiring for either of the two open positions.

On appeal McCarthy generally challenges the district court's decision not to equitably toll the 45-day time limit to contact an EEO counselor about alleged discrimination. He disputes the court's conclusion that he did not investigate his claim with due diligence because it did not occur to him until seeing the old emails in 2013 that his former supervisor may have discouraged the USDA offices from interviewing him.

The 45-day time limit under 29 C.F.R. § 1614.105(a)(1) is not a jurisdictional prerequisite and may be equitably tolled, *see Lapka v. Chertoff*, 517 F.3d 974, 981 (7th Cir. 2008), but the district court properly concluded that McCarthy did not demonstrate due diligence. Equitable tolling applies "when the plaintiff, exercising due diligence, was unable to discover evidence vital to a claim until after the statute of limitations expired." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 931 (7th Cir. 2015) (quoting *Moultrie v. Penn Aluminum Int'l, LLC*, 766 F.3d 747, 752 (7th Cir. 2014)). As the district court explained, McCarthy did not describe taking any steps to uncover evidence of discrimination upon not being interviewed in 2011 or explain why reasonable diligence would not sooner have turned up information about his former supervisor's employment. Nor did McCarthy identify any evidence to support his theory that the supervisor played a role in the hiring process for the two positions. Indeed, evidence in the record shows that the supervisor actually applied at the same time as McCarthy for the Wisconsin position and had never even worked at the Minnesota office.

AFFIRMED.