NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2017*
Decided September 25, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1495

| | |
|---|---|
| PARNELL MILTON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 16-C-684 |
| | |
| IWONA SLOTA, | William C. Griesbach, |
| *Defendant-Appellee.* | *Chief Judge.* |

**O R D E R**

Parnell Milton, a pretrial detainee, got caught in a closing elevator door at the Milwaukee County courthouse, where he was escorted by two deputies for a court appearance. He claims in this lawsuit under 42 U.S.C. § 1983 that deputy Iwona Slota failed to prevent the door from closing on him and had, in fact, pushed the button to close the elevator before he was inside. (Milton also sued the jail and its medical-care contractor for allegedly providing inadequate medical care after the accident, but the district court screened those claims, *see* 28 U.S.C. § 1915A, and Milton does not

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

challenge that decision on appeal.) After the discovery deadline passed (without much discovery), Slota moved for summary judgment. The district court deemed Slota's proposed facts undisputed and granted her motion. We affirm the judgment.

The factual record shows that at the time of the incident, the freight elevator was current on its maintenance and working properly. When the elevator door was to close, first an inner gate would descend. Foam rubber lined the bottom, and the closing mechanism caused the gate to rise if it detected an obstruction. Otherwise, the outer doors would close after the gate was down. A person could close the elevator by holding down the "close" button on a panel next to the door, alongside buttons to open and call the elevator. The doors also would close when someone called the elevator from another floor, causing a warning bell to ring.

On the day of the incident, Slota and another deputy, Scott Urbaniak, escorted two detainees to the courthouse; as they approached the freight elevator, Urbaniak walked in front and Slota trailed behind. The detainees each were handcuffed, and they were chained together at the waist. Urbaniak instructed Milton and the other detainee to enter the elevator even though the bell was ringing. Milton followed the other detainee into the elevator, but his shoulder had not cleared the threshold when the inner gate began to descend. Three feet from the elevator, Slota saw the gate descending, "exclaimed," and rushed to the elevator door to push the "open" button. The gate hit Milton's head and shoulder and went back up, because of either the contact with Milton or Slota's hitting the "open" button.

Based on these facts, Slota moved for summary judgment, and in response Milton submitted a three-page, unsworn document in which he primarily contradicted Urbaniak's account by asserting that Urbaniak falsely denied refusing Milton medical treatment after the accident and lied when he confirmed Slota's story about her attempt to open the elevator door. Milton urged the court to deny Slota's motion because he had not yet seen a video of the incident (which he had requested earlier in an unsuccessful motion to compel). Finally, Milton argued that the evidence established that Slota was "negligent" in not stopping the elevator door from closing.

After he had responded to the summary-judgment motion and Slota had filed her reply brief, Milton moved to stay the proceedings because he lost his copy of Slota's motion during his transfer to another prison and needed another to "properly comply with Court proceedings." The district court denied the motion, reasoning that Milton already had responded to the summary-judgment motion when he sought the stay and therefore did not require a copy of the motion to address any pending matter.

In the same order, the district court granted Slota's motion for summary judgment. Milton timely moved for reconsideration, *see* FED. R. CIV. P. 59(e), asserting that the court wrongly disregarded his version of the facts and should reopen the case so that he could gather more evidence, including a video of the incident and an affidavit from the inmate who was chained to him during the incident. (Milton also belatedly disputed, without citing evidence, that a warning bell was ringing when he entered the elevator.) In denying the motion, the district judge explained that Milton had not properly moved to compel the production of the video nor sought additional time to obtain an affidavit before discovery closed, although the evidence he sought could have been attained before the summary-judgment stage.

On appeal Milton argues that a genuine dispute of material fact exists about whether Slota pushed the button to close the elevator door because Slota's and Urbaniak's accounts of the incident conflict with the allegations in his verified complaint. True, a verified complaint can be considered on summary judgment. *See Beal v. Beller*, 847 F.3d 897, 901–02 (7th Cir. 2017). But Milton's problem lies in his failure to comply with the court's local rules by not responding to Slota's statement of proposed facts or submitting his own statement of additional facts and evidence. *See* E.D. WIS. CIVIL L.R. 56(a)(2). Without that guidance from Milton, the district court did not have to scour the record on its own looking for factual disputes. *See Zoretic v. Darge*, 832 F.3d 639, 641 (7th Cir. 2016). Instead, the court was entitled to strictly enforce the local rule, even against a pro se litigant, by deeming uncontroverted statements of material fact admitted for the purpose of deciding summary judgment. *See* E.D. WIS. CIVIL L.R. 56(b)(4); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 607–08 (7th Cir. 2008); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Therefore, Milton's version of the facts is not part of the record.

Even if we assume that Slota pressed the "close" button, however, summary judgment is still appropriate. Milton needed some evidence that Slota "purposely or knowingly" used unreasonable force against him. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). At most, Milton could show that Slota was negligent in pushing the wrong button or allowing the elevator gate to close on him. But *negligently* inflicted harm does not amount to a constitutional violation. *See id*. at 2472; *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015). Absent from Milton's filings is any evidence, or even argument, that Slota pushed the "close" button on purpose—if she pushed it at all. And Slota not only lunged for a button but screamed a warning, which does not suggest intent to harm. Because the facts, even as Milton views them, do not permit a reasonable inference that Slota purposefully injured him, she is entitled to summary judgment.

Two small matters remain. First, Milton maintains that the district court should have stayed the case because he "informed the court that he did not have all the documents to respond to defendant's motion for summary judgment." But the district court acted within in its discretion because, as the judge explained, Milton requested a stay *after* he already had responded to Slota's motion for summary judgment, so he suffered no prejudice from losing his copy of the motion.

Second, Milton suggests that the district court ignored his motion pursuant to Federal Rule of Civil Procedure 56(d) for additional discovery. But the record contradicts his assertion. At various times—in his motion to compel, motion to stay, and Rule 59(e) motion—Milton did ask for certain evidence, including a video of the incident (which may or may not have existed). Rule 56(d), however, contemplates discovery needed *to respond to* a motion, and none of these requests was made in the context of the summary-judgment proceedings. Even the most generous reading of Milton's summary-judgment response, with one allusion to the video, would not permit interpreting it as a Rule 56(d) motion, and so the district court did not err by not suspending the proceedings to allow more discovery.

AFFIRMED.