**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 22, 2019[*]
Decided April 22, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-3043

| | |
|---|---|
| THOMAS M. MCCARTHY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District |
| | of Wisconsin. |
| *v.* | |
| | No. 17-cv-728-bbc |
| SONNY PERDUE, | |
| Secretary of Agriculture, | Barbara B. Crabb, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Thomas McCarthy, a former employee of the United States Department of Agriculture, applied for a loan assistant position with the Department, but it hired another applicant without interviewing candidates. McCarthy then filed this official-capacity suit against the Secretary of Agriculture alleging that the Department discriminated against him because of his age and sex and retaliated against him for making complaints during his earlier stint as an employee there. The district judge

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

entered summary judgment for the Department, saying that McCarthy presented little more than his own opinion to support his contention that the Department acted with improper motives. We affirm the judgment.

As an initial matter, McCarthy argues that the district judge improperly treated many of the defendant's proposed facts as undisputed for purposes of evaluating the parties' cross-motions for summary judgment. But the judge properly required compliance with the rules for summary-judgment filings, even from a pro se litigant. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 607–08 (7th Cir. 2008). The district court had instructed McCarthy that, in his responses to the defendant's proposed facts, he was required to "state [his] version of the fact *and refer to evidence that supports that version*." McCarthy's responses to the defendant's factual statements did not cite to evidence in the record. For example, McCarthy responded to one proposed fact by stating: "I dispute and simply refuse to recognize all this because there was no official independent investigation …." We therefore see no abuse of discretion in the district court's decision, so our factual summary also is limited to the material facts that are properly supported with admissible evidence. *See Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 (7th Cir. 2010).

Before retiring in 2006, McCarthy worked at the Department as a Rural Development Loan Specialist Manager for roughly fifteen years. In 2011, McCarthy applied for two loan-specialist positions and sued the Department for race and age discrimination when he was not interviewed. That suit was unsuccessful. *See McCarthy v. Vilsack*, 670 F. App'x 397 (7th Cir. 2016).

In May 2016, McCarthy, then sixty-seven years old, applied again for a position as a loan assistant with the Department in its Menomonie, Wisconsin, office. The Department separated applicants into categories, with the highest being "Best Qualified." McCarthy and three other candidates fell in that category. Under Department policy, area director Diane Berger had fifteen days to choose an applicant after receiving the category ratings. A human-resources specialist told Berger that she did not have to interview candidates for the loan assistant position, so she chose not to. Berger determined that McCarthy—despite his prior experience—was not the best-suited candidate because he had spent the last ten years not working or working only part-time as an insurance claims processor or office assistant. Instead, Berger chose a female applicant who had ten years of retail banking experience and who was then the assistant vice president of a local bank. Although Berger knew the applicants'

genders, she did not know their ages before making her decision. She also did not know that McCarthy previously had complained that the Department had discriminated against him or that McCarthy earlier had sued the Department.

McCarthy then filed this suit, alleging that, by not interviewing him despite his "Best Qualified" status, the Department discriminated against him because of his age and his sex and retaliated against him for his earlier complaints of discrimination, all in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e–17. The district judge denied McCarthy's motion for summary judgment and granted the Department's motion. The judge reasoned that McCarthy simply disagreed with Berger's hiring decision and had "not offered any evidence in support of his contentions apart from his own opinion."

On appeal, McCarthy contests the entry of summary judgment for the Department, which we review de novo. *See Lewis v. Wilkie*, 909 F.3d 858, 866 (7th Cir. 2018). In employment discrimination and retaliation cases, we no longer distinguish between "direct" and "indirect" evidence: "[e]vidence is evidence." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (discrimination); *see Lauth v. Covance, Inc.*, 863 F.3d 708, 716 (7th Cir. 2017) (retaliation). We ask "simply whether the evidence would permit a reasonable factfinder to conclude" that the plaintiff's sex or age "caused the discharge or other adverse employment action," *Ortiz*, 834 F.3d at 765, or that a causal link exists between protected activity and the adverse action, *Lauth*, 863 F.3d at 716.

We begin with McCarthy's age discrimination claim and, like the district judge, conclude that he lacked any evidence that his age was a but-for cause of the decision not to hire him. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). The record shows that Berger did not know the candidates' ages (something that McCarthy disputes, but without contrary evidence). All McCarthy points to is that he was sixty-seven years old when he applied, while he speculates (again, without evidence) that the selected candidate "was at least 30 to 40 years younger." (The successful candidate's age is not in the record.) Even assuming McCarthy is correct that the hired candidate was far younger than he, the age difference in itself does not create an inference of discriminatory motive, let alone but-for causation. *See Martino v. MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 455 (7th Cir. 2009).

Further, Berger provided a legitimate nondiscriminatory reason for preferring another applicant: that candidate's recent and relevant experience in the banking industry made her a better fit than McCarthy, who had been working part-time in

unrelated fields, or not at all, for most of the last decade. *See Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 455 (7th Cir. 2018); *Skiba v. Ill. Cent. Ry. Co.*, 884 F.3d 708, 724 (7th Cir. 2018). McCarthy offers two responses, neither of which is persuasive. First, he insists that his qualifications for the position were "superior to the applicant the agency hired." But given the selected applicant's qualifications, we cannot say that McCarthy was "clearly better qualified for the position," so the Department's choice between at least two qualified candidates does not raise an inference of discrimination. *See Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 894 (7th Cir. 2016). Second, he asserts that the Department's failure to interview all the "best qualified" candidates shows that it intended to discriminate against him. But McCarthy has no evidence that Berger substantially deviated from ordinary hiring practices, and the Department offered sworn testimony supporting the decision not to interview *any* candidate. *See Skiba*, 884 F.3d at 722–23. McCarthy therefore has not raised a question of fact about whether the hiring decision was based on something other than the office's needs and the other applicant's qualifications. *See Hnin v. TOA (USA), LLC*, 751 F.3d 499, 506 (7th Cir. 2014); *Hill v. Tangherlini*, 724 F.3d 965, 968 (7th Cir. 2013).

McCarthy's sex-discrimination claim also fails. He need only establish that his sex was "a motivating factor," not a but-for cause, of the hiring decision, but nevertheless there must be some evidence of a causal link. 42 U.S.C. § 2000e-2(m); *see also Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013). McCarthy's only evidence of causation is that he is a man, and a woman was hired. Once again, that circumstance is insufficient to call into question the Department's reason for choosing another candidate. *See Gore v. Ind. Univ.*, 416 F.3d 590, 593 (7th Cir. 2005). That is all the more true where McCarthy had the burden of supplying some evidence that the Department "had reason or inclination to discriminate invidiously" against men in favor of women. *See id*. at 592.

Finally, McCarthy cannot succeed on his claim that the Department retaliated against him because of his "previous EEO and Administrative complaints and court cases." Berger did not know about his previous complaints and thus could not have retaliated against McCarthy because of them. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668–69 (7th Cir. 2006). Further, McCarthy again fails to point to any evidence from which a jury could infer that Berger had a retaliatory motive rather than an earnest belief that McCarthy was not the best fit for the job. *See Lauth*, 863 F.3d at 717.

We have considered McCarthy's other contentions, but none merits discussion. The judgment of the district court is AFFIRMED.