THIS ORDER IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Kim

September 6, 2024

Cancellation No. 92082654

*The Learning Journey International, L.L.C.*

*v.*

*Hua Yongfu*

**Before Heasley, Pologeorgis and Elgin,
Administrative Trademark Judges.**

**By the Board:**

This matter comes up on The Learning Journey International, L.L.C.'s ("Petitioner's") motion for summary judgment on all of the grounds asserted in its petition for cancellation. The motion is fully briefed.[1]

---

[1] 10 TTABVUE, 14 TTABVUE and 15 TTABVUE. The format of Respondent's brief in opposition to the motion is improper in that it is single-spaced. All briefs electronically submitted to the Board must be in at least 11-point type and double-spaced. *See* Trademark Rule 2.126(a)(1), 37 C.F.R. § 2.126(a)(1). While the Board may refuse to consider filings that do not meet the requirements of Trademark Rule 2.126(a)(1) or any other applicable rule, in this instance, we exercise our discretion to consider the filing in view of the potentially dispositive nature of Petitioner's motion and because the two-page submission, were it properly spaced, clearly would fall well within the page limitations for briefs under Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a).

Citations in this order to the briefs and other materials in the case docket refer to TTABVUE, the Board's online docketing system. *See New Era Cap Co. v. Pro Era, LLC*, 2020 USPQ2d 10596, at *2 n.1 (TTAB 2020).

**Background**

On June 29, 2023, Petitioner filed a petition to cancel Registration No. 5949378 for the mark LEARN-JOURNEY in standard characters for "blackboards; bunting of paper; canvas for painting; cardboard; chalks; corrugated paper; craft paper; desk stands and holders for pens, pencils, and ink; document holders; erasers; fiber paper; file pockets; fluorescent paper; greeting cards; holiday cards; luminous paper; musical greeting cards; note books; note paper; packing paper; paintings; paper; paperboard; pen stands; pencils; pens; postcards; self-adhesive tapes for stationery and household purposes; stationery; stickers; washi; white paperboard; adhesive note paper; painting sets for children" in International Class 16.[2]

Petitioner identified priority and likelihood of confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d); nonuse under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a); abandonment under Section 14(3) of the Trademark Act, 15 U.S.C. § 1064(3); fraud under Section 14(3) of the Trademark Act; and that the mark never was used in commerce under Section 14(6) of the Trademark Act, 15 U.S.C. § 1064(6), as grounds for cancellation on the ESTTA-generated cover sheet to the petition for cancellation.[3]

---

[2] The underlying application was filed on June 14, 2019, under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), and matured to registration on the Principal Register on December 31, 2019.

[3] 1 TTABVUE 2.

On August 8, 2023, Hua Yongfu ("Respondent") filed an answer to the petition for cancellation denying its salient allegations.[4] Discovery opened on September 7, 2023.[5] Following the disposition of Petitioner's motion to compel[6] Respondent's initial disclosures, the close of discovery was reset to March 28, 2024.[7]

On December 5, 2023, Petitioner served Respondent with its first set of discovery requests, including requests for admission.[8] Responses to the discovery requests were due by January 4, 2024. *See* Trademark Rule 2.120(a)(3), 37 C.F.R. § 2.120(a)(3). Respondent, however, did not respond to the discovery requests, including Petitioner's admission requests.[9] Consequently, Petitioner took its requests for admission as admitted under Fed. R. Civ. P. 36(a)(3)[10] and, based on the admissions, moved for summary judgment on each of its claims on February 16, 2024.[11]

---

[4]   4 TTABVUE.

[5]   2 TTABVUE 3.

[6]   6 TTABVUE.

[7]   9 TTABVUE 1.

[8]   10 TTABVUE 9 and Exhibit H (10 TTABUE 75-83); Declaration of Mario C. Vasta ("Vasta Declaration"), ¶ 5 and Exhibit A (10 TTABVUE 72-74).

[9]   Vasta Declaration at ¶ 5. 10 TTABVUE 72.

[10] The Federal Rules of Civil Procedure are made applicable to Board proceedings under Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a).

[11] On March 7, 2024, a motion to extend the time to respond to the motion for summary judgment by sixty (60) additional days was filed by Respondent. 12 TTABVUE. No reason was given for the request. Petitioner opposed the motion on March 8, 2024. 13 TTABVUE. Prior to the Board's disposition of the motion for extension, Respondent, on March 14, 2024, timely filed a response to the motion for summary judgment. 14 TTABVUE. In view thereof, Respondent's motion for extension is denied as moot and will be given no further consideration.

**Summary Judgment Standard**

A motion for summary judgment is a pretrial device intended to save the time and expense of a full trial when the moving party is able to demonstrate, prior to trial, that there is no genuine dispute of material fact, and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Opryland USA Inc. v. Great Am. Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Sweats Fashions Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 4 USPQ2d 1793, 1795-96 (Fed. Cir. 1987). The evidence must be viewed in a light most favorable to the non-moving party, and all justifiable inferences are to be drawn in the non-movant's favor. *Lloyd's Food Prods., Inc. v. Eli's, Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); *Opryland USA*, 23 USPQ2d at 1472. A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. *See Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992). The Board does not resolve disputes of material fact on summary judgment; rather, the Board only ascertains whether disputes of material fact exist. *See Univ. Book Store v. Univ. of Wis. Bd. of Regents*, 33 USPQ2d 1385, 1389 (TTAB 1994); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("at the summary judgment stage the judge's function is not … to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

Where, as here, the party moving for summary judgment on a claim bears the burden of proof at trial on that claim, the moving party "must lay out the elements of its claim, citing the facts it believes satisfies those elements, and demonstrating why the record is so one-sided as to rule out the prospect of the nonmovant prevailing." 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE Civil § 2727.1 (4th ed. 2024 update).

If the moving party successfully discharges its initial burden of production, the burden shifts to the nonmovant to demonstrate the existence of a genuine dispute for trial. *See Celotex*, 477 U.S. at 324. This requires more than a mere showing "of a scintilla of evidence in support of the [nonmovant's] position …; there must be evidence on which the [factfinder] could reasonably find for the [nonmovant]," and what may be considered reasonable for a factfinder "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson*, 477 U.S. at 252. Thus, the Board must, on summary judgment, "view the evidence presented through the prism of the substantive evidentiary burden" in determining if a genuine dispute exists. *Id*. at 254. If the nonmovant's showing is insufficient to demonstrate that a genuine dispute exists on an essential element of the subject claim, the moving party is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

**Respondent's Deemed Admissions**

Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the

5

requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Respondent did not respond to Petitioner's requests for admission in any manner and does not dispute that it failed to timely do so. Consequently, the requests are deemed admitted by operation of law. *See Giersch v. Scripps Networks, Inc.*, 85 USPQ2d 1306, 1307 (TTAB 2007). The effect of such admissions is that the subject matter of the requests is "conclusively established unless the [Board], on motion, permits the admission[s] to be withdrawn or amended" under Fed. R. Civ. P. 36(b), or reopens the time to respond to the admission requests "so that the admissions would not be deemed admitted as put." *Id.*

Notwithstanding these guidelines for relief from deemed admissions, which admissions are relied on by Petitioner to support its motion for summary judgment, the whole of Respondent's opposition to the motion is its contention that "Petitioner cannot rely on Rule 36(a)(3) as their requests for admission asked Respondent to admit what it had already denied in a responsive pleading."[12] In support, Respondent relies on *Perez v. Miami-Dade Cty.*, 297 F.3d 1255 (11th Cir. 2002), specifically the court's observation that "[o]nce a defendant has answered, … it continues to be inappropriate for a plaintiff to re-serve the complaint in the form of a request for admissions …." *Id.* at 1269. Respondent misconstrues *Perez.*

In *Perez*, the central question considered by the appellate court was whether the district court abused its discretion in denying the defendants' motion to withdraw their deemed admissions under Fed. R. Civ. P. 36(b). Although the appellate court, in

---

[12]  14 TTABVUE 2.

reference to the statement relied on by Respondent, commented on the impropriety of a plaintiff using Rule 36 requests to "harass the other side" or as "a weapon, [to] drag[] out the litigation and wast[e] valuable resources," the focus of the appellate court's determination that the district court abused its discretion in denying a motion to withdraw admissions was the lower court's failure to observe the two-part test for withdrawal or amendment of admissions as set forth in Rule 36(b).[13] There are no similar considerations here.

Unlike the defendants in *Perez*, Respondent did not move to withdraw its admissions. Instead, Respondent unilaterally deemed Petitioner's requests for admission to be inappropriate and did not respond to them. This was improper. *See Perez*, 297 F.3d at 1269 ("[t]he mere fact that a party has previously denied the matter about which an admission is sought does not obviate the need to respond to a Rule 36 request for admissions") quoting *U.S. v. Young*, 1990 WL 135734, at *2 (S.D.N.Y. Sept. 10, 1990). If Respondent believed any of the requests to be inappropriate, it was incumbent upon Respondent to object to them and to otherwise respond to those requests that remained, and to do so within the time allowed for response lest the requests be deemed admitted under Rule 36(a)(3). *See Emilio Pucci Int'l BV v. Sachdev*, 118 USPQ2d 1383, 1385 (TTAB 2016) ("The responding party is expected to

---

[13] Fed. R. Civ. P. 36(b) provides that a court, "on motion, … may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

provide the information sought in the requests or portions of requests that it believes to be proper, and state its objections to those that it believes to be improper.").

Having failed to do so with the consequence that the unanswered requests were deemed admitted by operation of Rule 36(a)(3), Respondent had "two separate avenues for relief: … either (1) move to reopen its time to respond to the admission requests because its failure to timely respond was the result of excusable neglect under Fed. R. Civ. P. 6(b)[(1)(B)], or (2) move to withdraw and amend its admissions pursuant to Fed. R. Civ. P. 36(b)." *Giersch*, 85 USPQ2d at 1307. Respondent failed to avail itself of either avenue for relief. While the Board generally takes a liberal approach in construing responses to motions based on deemed admissions as motions to withdraw or amend the admissions or, to a lesser degree, to reopen time, Respondent has made no showing that we can construe as going to the two-part test prescribed under Rule 36(b) or to a showing of excusable neglect as required under Rule 6(b)(1)(B).

Since Respondent did not move to amend or withdraw its admissions, or to reopen its time to respond to Petitioner's admission requests, and there is nothing in Respondent's response to the motion for summary judgment that we could reasonably construe as such,[14] Petitioner's requests for admission stand admitted, and the matters admitted under the requests are conclusively established. *See* Fed. R. Civ. P. 36(b); *Fram Trak Indus., Inc. v. WireTracks LLC*, 77 USPQ2d 2000, 2005 (TTAB

---

[14] Indeed, Petitioner, in its reply brief, similarly observes that "Respondent made no objection to Petitioner's RFAs when served and has not filed any motion to amend or withdraw the admissions." 15 TTABVUE 4.

2006) ("Respondent failed to respond to petitioner's requests for admission and failed to file a motion to amend or withdraw those admissions. Accordingly, those requests for admission are deemed admitted and conclusively established."); *see also Stine Seed Co. v. A & W Agribusiness, LLC*, 862 F.3d 1094, 1102 (8th Cir. 2017) ("[W]hen a party has made no filing that could be construed as a motion to withdraw or amend an admission, the court is required to give the admission conclusive effect.").

**Effect of Respondent's Deemed Admissions**

When matter has been conclusively established under Rule 36, it is taken as a judicial, rather than an evidential, admission that "cannot be rebutted by contrary testimony or ignored by the [Board] simply because it finds the evidence presented by the party against whom the admission operates more credible," and this "applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 19 USPQ2d 1142, 1144 (5th Cir. 1991); *see also Made in Nature, LLC v. Pharmavite LLC*, 2022 USPQ2d 557, at *10 (TTAB 2022) (in contrast to an evidentiary admission, "a judicial admission … is incapable of refutation"); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 608 (7th Cir. 2008) (facts conclusively established through deemed admissions cannot be rebutted with other evidence); *see also* Fed. R. Civ. P. 36 Advisory Committee Notes (1970 amendment) ("In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party.").

Deemed admissions are competent to demonstrate that there is no genuine dispute of material fact on a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A) ("[a] party asserting that a fact cannot be … genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including … admissions …."); *see also Kaliannan v. Liang*, 2 F.4th 727, 736 (8th Cir. 2021) ("the deemed-admitted Requests for Admission alone demonstrate that Plaintiffs were entitled to summary judgment"); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) (facts deemed admitted by a party's failure to respond to requests for admissions are conclusive as to matters admitted for purposes of summary judgment).

We turn now to the merits of Petitioner's motion for summary judgment.

**Entitlement to Statutory Cause of Action**

Entitlement to a statutory cause of action under Sections 13 or 14 of the Trademark Act, 15 U.S.C. §§ 1063-64, is a threshold issue in every Board inter partes case. *See Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 2020 USPQ2d 11277, at *5 (Fed. Cir. 2020); *Austl. Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837, at *3 (Fed. Cir. 2020) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 109 USPQ2d 2061, 2067 n.4 (2014)). To establish its entitlement to a statutory cause of action, a plaintiff must demonstrate (i) an interest falling within the zone of interests protected by the statute and (ii) a reasonable belief in damage proximately caused by the registration of the mark. *See*

*Corcamore*, 2020 USPQ2d 11277, at *4; *Spanishtown Enters., Inc. v. Transcend Res., Inc.*, 2020 USPQ2d 11388, at *12 (TTAB 2020).

The purpose of this requirement is to avoid litigation where there is no real controversy between the parties, i.e., to weed out intermeddlers. *See Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185, 189 (CCPA 1982). Thus, a plaintiff need only demonstrate that it has a "real interest," i.e., a personal stake, in the outcome of the proceeding and a reasonable basis for its belief of damage. *See Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014); *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999). The bar in demonstrating entitlement to a statutory cause of action is not high. *See Estate of Biro v. Bic Corp.*, 18 USPQ2d 1382, 1385 (TTAB 1991) ("[T]here is a low threshold for a plaintiff to go from being a mere intermeddler to one with an interest in the proceeding.").

With its motion for summary judgment, Petitioner submitted printouts from the USPTO's electronic database showing the status and title of its two pleaded registrations.[15] Since the registrations and the goods thereunder are sufficient to show Petitioner's direct commercial interest by demonstrating that Petitioner has a plausible claim for likelihood of confusion, *see Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000), Petitioner has established that there is no genuine dispute of material fact regarding its entitlement to a statutory

---

[15] 10 TTABVUE 27-29 (Registration No. 2168074 for THE LEARNING JOURNEY in typed form) and 31-33 (Registration No. 2767253 for THE LEARNING JOURNEY and design).

cause of action and accordingly may rely on any statutory ground for cancellation. *See Lipton Indus.,* 213 USPQ at 190.

**Abandonment**

To prevail on a claim of abandonment, a plaintiff must show that the party against whom the claim of abandonment is made "is not using the mark with its goods and services, and has no intent to resume use." *Lewis Silkin LLP v. Firebrand LLC*, 129 USPQ2d 1015, 1020 (TTAB 2018). A showing of three consecutive years of nonuse is sufficient to establish a prima facie case of abandonment. *See* Trademark Act Section 45, 15 U.S.C. § 1127; *Double Coin Holdings Ltd. v. Tru Dev.*, 2019 USPQ2d 377409, at *15 (TTAB 2019).

By way of the deemed admissions, Respondent has admitted that "at the time of registration of Respondent's Mark, [Respondent] [was] not using Respondent's Mark on any goods that fall under the categories of goods listed in Respondent's Registration,"[16] that Respondent "ha[s] not sold goods that fall under all of the categories of goods listed in Respondent's Registration under or in connection with Respondent's Mark for a period of at least three (3) consecutive years,"[17] that Respondent "ha[s] not sold goods that fall under any of the categories of goods listed in Respondent's Registration under or in connection with Respondent's Mark for a period of at least three (3) consecutive years,"[18] and that Respondent "d[oes] not have

---

[16] Request for Admission ("RFA") No. 9. 10 TTABVUE 81.

[17] RFA No. 3. *Id.* at 80.

[18] RFA No. 4. *Id.* at 81.

an intent to use Respondent's Mark on or in connection with goods that fall under any of the categories of goods listed in Respondent's registration."[19] These deemed admissions are sufficient for Petitioner to demonstrate that there is no genuine dispute of material fact on its claim of abandonment.

While we are cognizant of evidence that Petitioner placed into the record on summary judgment to support its likelihood of confusion claim that could be argued to suggest there has been use of the mark by Respondent in connection with some of the goods in the registration,[20] such evidence cannot raise a genuine dispute as to the material facts that have been conclusively established through Respondent's deemed admissions. *See In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) ("Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judg[]ment stage by contradictory affidavit testimony or other evidence in the summary judgment record.").

**Decision**

In view thereof, Petitioner's motion for summary judgment on its claim of abandonment is **GRANTED** and Registration No. 5949378 will be cancelled in due course.[21]

---

[19] RFA No. 6. *Id.*

[20] We note that Respondent has made no such argument.

[21] Because the petition for cancellation has been granted on the ground of abandonment, we need not reach Petitioner's claims under 15 U.S.C. § 1052(d) or 15 U.S.C. § 1064(6), or its claims of nonuse and fraud. *See Multisorb Techs., Inc. v. Pactiv Corp.*, 109 USPQ2d 1170, 1171 (TTAB 2013) ("Like the federal courts, the Board has generally used its discretion to decide only those claims necessary to enter judgment and dispose of the case. [Thus,] the Board's determination of registrability does not require, in every instance, decision on every pleaded claim."); *see also Venture Out Props. LLC v. Wynn Resorts Holdings LLC*, 81 USPQ2d

* * *

1887, 1894 (TTAB 2007) ("In view of our decision finding a likelihood of confusion, we need not reach the issue of dilution."); *Interglo AG v. Abrams/Gentile Ent. Inc.*, 63 USPQ2d 1862, 1864 (TTAB 2002) ("Having found that there exists a likelihood of confusion, we elect to sustain the opposition on this basis alone.").